
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AURORA VIRRUETA-PALIMINOS, AKA Aurora Virructa,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 13-72099<br><br>Agency No. A091-078-907<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2015[**]
Pasadena California

Before: SILVERMAN and BEA, Circuit Judges and DONATO,[***] District Judge.

Aurora Virrueta-Paliminos, a Mexican citizen and lawful permanent resident

of the United States, petitions for review of the Board of Immigration Appeals'

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James Donato, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

dismissal of her appeal from the Immigration Judge's denial of her applications for withholding of removal under the Immigration and Nationality Act and withholding and deferral of removal under the Convention Against Torture. Except as noted below, we have jurisdiction pursuant to 8 U.S.C. § 1252. We **DENY IN PART AND DISMISS IN PART**.

The BIA applied the correct legal standard – *Matter of Y-L-*, 23 I. & N. Dec. 270 (A.G. 2002) – to determine that Virrueta-Paliminos's conviction for violating California Health and Safety Code § 11351 was a particularly serious crime barring her applications for withholding of removal. *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 947-49 (9th Cir. 2007). The BIA's application of *Y-L-* complies with *Blandino-Medina v. Holder*, 712 F.3d 1338 (9th Cir. 2013), because *Y-L-* "requires the agency to conduct a case-by-case analysis," *id.* at 1343, of drug trafficking crimes for which the petitioner was sentenced to less than five years by looking to whether the individualized circumstances of the crime overcome the strong presumption that it is particularly serious, *see Y-L-*, 23 I. & N. Dec. at 276-77.[1] It is irrelevant whether the agency properly found Virrueta-Paliminos's testimony regarding her criminal conviction not credible because she admitted through

---

[1] On this basis, the court also **DENIES** Virrueta-Paliminos's pending motion to remand.

counsel that she had been convicted of violating § 11351 and the BIA's conclusion was based on the amount of drugs involved in that crime, a fact Virrueta-Paliminos never contested. This aspect of the petition is therefore denied.

The court lacks jurisdiction "over the BIA's ultimate determination that [Virrueta-Paliminos] committed a 'particularly serious crime'" because the quantity of drugs involved was not small. *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010). It also lacks jurisdiction to consider whether Virrueta-Paliminos demonstrated she is a member of a particular social group and is likely to be tortured in Mexico because the agency did not reach these issues. *I.N.S. v. Ventura*, 537 U.S. 12, 16-17 (2002); *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). These aspects of the petition are dismissed.

The court denies the remainder of Virrueta-Paliminos's petition for review because substantial evidence supports the BIA's determination that she failed to show the Mexican government would acquiesce in her torture. The country conditions reports are too general to compel any reasonable factfinder to conclude anything beyond the fact that *some* police in *some* undefined areas of Mexico would acquiesce in the torture of citizens by drug cartels. They do not compel the conclusion that a public official would acquiesce in Virrueta-Paliminos's torture.

*See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *Almaghzar v.*

*Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.**

**MOTION TO REMAND DENIED.**